**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2043**

ERIN BURWICK,

       Plaintiff - Appellant,

    v.

CORPORAL G. PILKERTON, #1702; SERGEANT CHARLES RAVENELL, #0965; OFFICER BOERUM, #1902,

       Defendants - Appellees,

    and

ANNE ARUNDEL COUNTY, MARYLAND,

       Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cv-02785-JFM)

Submitted: May 31, 2017            Decided: July 13, 2017

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George Harper, Upper Marlboro, Maryland, for Appellant. Nancy McCutchan Duden, County Attorney, Philip E. Culpepper, Senior Assistant County Attorney, Annapolis, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erin Burwick appeals the district court's order granting Defendants' motion for summary judgment and dismissing her amended 42 U.S.C. § 1983 complaint. Burwick alleged that Corporal Gregory Pilkerton used excessive force by allowing a police dog to bite her while in pursuit after a reported burglary.

After the completion of discovery, Pilkerton moved for summary judgment, supporting his motion with his sworn affidavit and with Burwick's untimely responses to requests for admissions.* Pilkerton argued that there were no disputes as to any material fact and that his use of the police dog to track and apprehend Burwick—a fleeing suspected burglar—was objectively reasonable. Alternatively, Pilkerton argued that he was entitled to qualified immunity because his use of the police dog did not violate a clearly established right, where Pilkerton ordered Burwick to show her hands to determine if she was armed and Burwick refused to comply. Burwick opposed the motion, and attached as an exhibit her answers to interrogatories. Burwick contended

---

* Pilkerton served the requests for admissions on December 11, 2015, and Burwick responded to the admissions on January 28, 2016, after the 30-day deadline had elapsed. Thus, by operation of Fed. R. Civ. P. 36(a)(3), her responses were deemed admitted. We note also that Burwick did not address these admissions in her response to Pilkerton's motion for summary judgment; instead, after Pilkerton replied to her opposition, she filed a surreply without seeking and obtaining leave of the district court, arguing that the admissions "do not cover or logically preclude the occurrence of the third bite, the crucial one, which was of excessive duration and was of excessive force." J.A. 73D. Alternatively, noting that she "does not believe that it is necessary to do so," Burwick moved in her surreply for leave to withdraw the admissions. J.A. 73E. Pilkerton moved to strike this surreply on June 15, and the district court granted summary judgment to Pilkerton on June 16, without mentioning the admissions or the surreply. Finally, in her Fed. R. Civ. P. 59 motion for a new trial, Burwick said nothing about the admissions.

3

that her interrogatory answers raised genuine disputes of material fact that precluded summary judgment—namely, as to whether Burwick ignored Pilkerton's commands to show her hands and instead crawled away to evade arrest.

The district court refused to consider Burwick's answers to interrogatories on the basis that they "were not based upon personal knowledge but only 'are true to the best of . . . plaintiff's knowledge, information, and belief,'" J.A. 80, and thereby failed to comply with Fed. R. Civ. P. 56(c)(4). Without the interrogatory answers, the court concluded that Burwick failed to demonstrate the existence of a genuine dispute of material fact and found that Pilkerton's use of the police dog was constitutional. In the alternative, the court concluded that Pilkerton was protected by qualified immunity. The district court thus granted Defendants' motion.

On appeal, Burwick contends that the district court erred when it granted summary judgment in favor of Pilkerton without considering her interrogatory answers. Pilkerton responds that the district court properly disregarded the answers because they failed to comply with Fed. R. Civ. P. 56(c)(4). Alternatively, Pilkerton argues that Burwick cannot use her interrogatory answers to contradict matters established by her untimely response to requests for admissions in order to defeat summary judgment. Although we conclude that the district court erred in not considering Burwick's interrogatory answers, we conclude nonetheless that Burwick has failed to demonstrate the existence of a genuine dispute of material fact, and therefore affirm the grant of summary judgment to Pilkerton.

4

When supporting or opposing a summary judgment motion, a party may rely on depositions, affidavits, admissions, and answers to interrogatories that would be admissible in evidence at trial. Fed. R. Civ. P. 56(c). Consequently, answers to interrogatories used to "oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The "personal knowledge requirement prevents statements in affidavits that are based, in part, upon information and belief—instead of only knowledge—from raising genuine issues of fact sufficient to defeat summary judgment." *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002) (internal quotation marks omitted).

Here, Burwick affirmed that her interrogatory answers "are true, to the best of [her] knowledge, information and belief." J.A. 65. Rule 56, however, requires that supporting documents be based on "personal knowledge," Fed. R. Civ. P. 56(c)(4), an attestation not included with the oath affirming Burwick's interrogatory answers. But Burwick's failure to append such an attestation notwithstanding, it's obvious that Burwick's answers—recounting her experience on the night in question—are based on her personal knowledge.

The fact remains, however, that Burwick failed to timely respond to Pilkerton's requests for admissions and that, by operation of Fed. R. Civ. P. 36, Burwick has admitted that she ignored Pilkerton's commands to show her hands and crawled away from Pilkerton and the police dog. Contrary to Burwick's contention in her surreply that the admissions do not cover the third time she was bitten by the police dog, her

5

admissions state that she "stopped crawling away and began to comply with police commands" only after the police dog bit and held onto her lower left leg—the third bite. J.A. 27. These admissions thus directly contradict Burwick's interrogatory answers, which assert that Burwick complied with Pilkerton's commands and did not evade arrest. As such, any disputes of material facts in this case arise from Burwick's own inconsistent statements and are therefore insufficient to survive Defendants' summary judgment motion. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").

Accordingly, we affirm the district court's order granting summary judgment in Defendants' favor. In light of our disposition, we need not address the district court's alternative finding that Pilkerton was entitled to qualified immunity. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*